IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

WALTER BRANSON BENNETT,

      Plaintiff,

v.                     OPINION and ORDER

JODY WOLF, RICHARD WOLF, R&J WOLF, LLC,    19-cv-108-jdp
WOLF MINI-STORAGE, and DOES ONE TO TEN,

      Defendants.

---

  This lawsuit arises out of a dispute between pro se plaintiff Walter Branson Bennett and the owners and operators of defendant Wolf Mini-Storage, from whom Bennett had rented three self-storage units starting in 2006. Bennett contends that defendants engaged in criminal racketeering and misappropriated trade secrets that he had stored in the units.

  Defendants have filed a motion to dismiss Bennett's federal claims under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Dkt. 9. They also ask the court to decline to exercise supplemental jurisdiction over Bennett's state law claims. Because I agree that with defendants that Bennett's allegations do not support any federal claim upon which relief may be granted, I will grant the motion to dismiss the federal claims and I will decline to exercise jurisdiction over Bennett's state law claims.

## OPINION

  Bennet alleges in his complaint that he rented three storage units from defendants to store equipment, tools, materials, and "process trade secrets" for his leather design and manufacturing business. In December 2015, defendants terminated Bennett's rental agreements and directed him to remove his property from the three units by December 31.

Bennett was not able to remove all of his property by December 31. He continued to remove property during January 2016. But when he returned to the units on January 22, 2016, defendants had cut Bennett's padlocks from the doors of the units and had placed new padlocks on each unit door. Defendants rejected Bennett's attempts to make arrangements to remove his property from the units. Defendants eventually offered Bennett's remaining property for sale to the public and then destroyed what was not purchased.

Bennett contends that defendants' actions amount to (1) trade secret misappropriation and theft in violation of 18 U.S.C. § 1832 and § 1836, (2) criminal racketeering in violation of the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1961–64, and (3) trade secret misappropriation in violation of Wis. Stat. § 134.90.

But Bennett cannot bring a civil lawsuit under 18 U.S.C. § 1832. That statute is a federal criminal statute that can be enforced by the United States Attorney's Office, not private individuals.

Bennett also cannot bring a claim for misappropriation of trade secrets under 18 U.S.C. § 1836. That statute is titled "Civil proceedings," and creates the potential for civil actions to protect trade secrets. But until May 2016, the statute authorized only the Attorney General to bring civil actions to enjoin trade secret theft that violated § 1832. *See Keehn v. United States*, No. CV144733PSGPJWX, 2015 WL 12806469, at *4 (C.D. Cal. Jan. 30, 2015) (holding that § 1836 did not create right of action for private litigants); *Harrison-Smith v. Bank of Am., N.A.*, No. 06 C 4254, 2006 WL 2355565, at *1 (N.D. Ill. Aug. 10, 2006) (same). Congress amended § 1836 on May 11, 2016, when it passed the Defend Trade Secrets Act of 2016. The 2016 Act creates a private cause of action in favor of the "owner of a trade secret that is misappropriated . . . if the trade secret is related to a product or service used in, or intended for use in, interstate

or foreign commerce." 18 U.S.C. § 1836(b)(1). But the amendment applies only to "misappropriation of a trade secret . . . for which any act occurs on or after the date of the enactment of this Act." Defend Trade Secrets Act § 2(e), Pub. L. No. 114-153, 130 Stat. 376 (May 11, 2016). In this instance, Bennett alleges that defendants misappropriated his trade secrets when they cut off his padlocks and placed new padlocks on the storage units in January 2016. Plt.'s Cpt., Dkt. 1, ¶ 28; Plt.'s Resp. Br., Dkt. 15, at 7 ("The misappropriation/theft occurred on an earlier date than April 23, 2016 [when the property was destroyed]. Defendants will provide the date that Plaintiff's locks were cut off of the three units."). Because Congress has not authorized a private right of action for trade secret misappropriation that occurred before May 11, 2016, Bennett's allegations do not support a claim under § 1836.

Bennett's allegations also do not support a RICO claim. To state a claim under RICO, a plaintiff must allege (1) conduct, (2) of an enterprise, (3) through a pattern, (4) of racketeering activity. *DeGuelle v. Camilli*, 664 F.3d 192, 199 (7th Cir. 2011). "Racketeering activity" means the specific acts enumerated in 18 U.S.C. § 1961(1). Bennett has not identified conduct by defendants that meets the definition of "racketeering activity." He also has not alleged any facts that would support the other elements of a claim under RICO.

That leaves Bennett's state law claims. Because there is not diversity of citizenship between the parties, Bennett must rely on 28 U.S.C. § 1367 to support an exercise of jurisdiction over those claims. The general rule is that federal courts should relinquish jurisdiction over state law claims if all federal claims are resolved before trial. 28 U.S.C. § 1367(c)(3); *Burritt v. Ditlefsen*, 807 F.3d 239, 252 (7th Cir. 2015). Defendants ask the court to dismiss Bennett's claims under § 1367(c)(3) and Bennett has not responded to

that request, so I see no reason to depart from the general rule. I will dismiss Bennett's state law claims without prejudice to his refiling them in state court.

ORDER

IT IS ORDERED that defendants' motion to dismiss, Dkt. 9, is GRANTED. Plaintiff George William Bennett's federal claims are DISMISSED under Rule 12(b)(6) for failure to state a claim upon which relief may be granted. Plaintiff's state law claims are DISMISSED without prejudice under 28 U.S.C. § 1367(c)(3). The clerk of court is directed to enter judgment accordingly and close this case.

Entered August 13, 2019.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge